**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISON**

| | | |
|---|---|---|
| FD REALTY, LLC<br><br>Plaintiff,<br><br>v.<br><br>BARRETT FINANCIAL GROUP, L.L.C., and EVA A. WARNER<br><br>Defendants. | ) | Civil Action No. ________________ |

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, FD REALTY, LLC, (hereinafter referred to as "FD REALTY"), by and through the undersigned counsel and file this Complaint for Damages and Demand for Jury Trial against Defendant BARRETT FINANCIAL GROUP, L.L.C. (hereinafter referred to as "Barrett") and EVA A. WARNER (hereinafter referred to as "Warner") and respectfully shows the Court as follows:

## INTRODUCTION

1.

This is an action for breach of a Commercial Broker Loan Agreement ("the

Agreement") and for breach of common law duties imposed upon the Defendants by law. Plaintiff, FD REALTY, is the "Client" under the Agreement and Barrett and Warner, collectively, are the "Broker" under the Agreement.

**THE PARTIES**

2.

Plaintiff, FD REALTY, LLC is a Georgia limited liability company, whose principal place of business is in the State of Georgia and whose members are residents of the State of Georgia.

3.

Defendant BARRETT FINANCIAL GROUP, L.L.C. is a limited liability company organized under the laws of the State of Arizona. Barrett operates in the State of Georgia as a foreign limited liability company. Barrett's principal place of business is located at 2701 East Insight Way, Suite 150, Chandler, Arizona 85286. Barrett's Registered Agent in the State of Georgia is Georgia Registered Agent, LLC, whose registered office is located at 8735 Dunwoody Place, Suite 6, Atlanta, Fulton County, Georgia 30350.

4.

Defendant EVA A. WARNER is an individual who is a resident of the State of California. Warner resides at 3385 Michelson Drive, Apt 229, Irvine, California 92612. At all times relevant to this matter, Warner was either an employee of

Barrett or an independent contractor to Barrett. At all times relevant to this matter, Warner was an agent of Barrett.

**JURISDICTION AND VENUE**

5.

Subject matter jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. This court has supplemental jurisdiction over State law claims pursuant to 28 U.S.C. §1367.

6.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because Defendant BARRETT FINANCIAL GROUP, L.L.C. is registered to do business in the State of Georgia and maintains a registered agent in the State of Georgia whose registered office is located in Fulton County, Georgia which is within the district and divisional boundaries of the Northern District of Georgia, Atlanta Division.

7.

By registering to do business in the State of Georgia as a foreign corporation, BARRETT FINANCIAL GROUP, L.L.C. has submitted to the general personal jurisdiction of this Court. Barrett also maintains an office in the State of Georgia for the purpose of mortgage lending.

## FACTUAL BACKGROUND

8.

The parties executed and became contractually bound on a Commercial Broker Loan Agreement with an effective date of December 16, 2025 ("the Agreement").

9.

Barret and Warner were collectively identified in the Agreement as "Broker" and FD Realty was identified as "Client".

10.

Barrett was engaged by FD Realty to source a $27,100,000 loan for the acquisition of a property known as the City Trust Building, which is a mixed-use property located in the city of Bridgeport, Connecticut.

11.

Under the terms of the Agreement the Broker was to:

- Assess the Client's financing needs and objectives;
- Identify suitable lenders based on the Client's loan requirements;
- Assist in preparing and submitting loan application materials; and
- Facilitate communication between the Client and lenders.

12.

Warner was the point of contact between FD Realty and Barrett.

13.

Pursuant to the terms of the Agreement, Warner identified a purported lender appropriate for FD Realty, known as Realty Capital Investments, LLC.

14.

Also pursuant to the terms of the Agreement, over a period of several months, Warner assisted in preparing and submitting loan application materials and facilitated through numerous emails, phone calls, and other forms of communication the purported consummation of the loan transaction between Realty Capital Investments, LLC and FD Realty.

15.

In February of 2026, Warner communicated to FD Realty certain wire instructions for the transmittal of a 1% loan origination fee deposit in the amount of $271,000.00 to be transmitted to a bank account ostensibly owned and controlled by Realty Capital Investments, LLC.

16.

The wire instructions which were forwarded to FD Realty by Warner instructed it to wire the loan origination fee deposit to a bank account in the name of Consultez, LLP.

17.

As instructed by Warner and Barrett, FD Realty wired $271,000.00 on or

about February 19, 2026.

18.

The wired funds were intended to be applied toward the loan from Realty Capital Investments, LLC.

19.

Shortly after the transmission of the $271,000.00 loan origination fee deposit, FD Realty learned that the party to whom the wire was made was in fact not the true owner of the entity known as Realty Capital Investments, LLC and that, as a result, FD Realty had been the victim of fraud based upon representations and assurances made by Warner and Barrett.

20.

FD Realty has reported the fraud to the appropriate federal law enforcement authorities and regulatory banking officials; however, FD Realty now believes that recovery of the $271,000.00 from the actual fraudulent recipient appears unlikely.

21.

FD Realty detrimentally relied upon the representations of Warner and Barrett that the entity they referred to provide the requested financing was in fact a legitimate lender.

22.

FD Realty has demanded that Warner and Barrett reimbursement it for the lost funds.

23.

Warner and Barret have failed and refused to reimburse FD Realty for the lost funds or to provide any indemnification for its collateral losses.

24.

As a direct and consequential result of the fraud perpetrated upon it, FD Realty has lost its right to acquire the City Trust Building property and with that loss it has sustained other money damages in addition to the $271,000.00 origination fee deposit, totaling over $6,400,000.00.

## CAUSES OF ACTION

### Count I
### Breach of Agreement

25.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 8 - 24, as if fully restated herein.

26.

Warner and Barrett breached the Agreement by referring FD Realty to an entity who defrauded it of $271,000.00 instead of procuring a legitimate lender capable of consummating the contemplated loan transaction.

27.

Specifically, Warner and Barrett failed to properly execute their commercial loan broker due diligence in making an appropriate lender referral under the terms of the Agreement. ("the Event of Default").

28.

Instead, through its failure to properly execute the Agreement, Warner and Barrett set FD Realty up to be fraudulently bilked out of $271,000.00.

**Count II**
**Negligent Misrepresentation**

29.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 8 - 24, as if fully restated herein.

30.

Warner and Barrett represented to FD Realty that the entity that they referred FD Realty to be a legitimate bona fide lender capable of meeting FD Realty's loan request to acquire the City Trust Building.

31.

Warner and Barrett initially represented that Warner had transacted business with Realty Capital Investments, LLC and that it was a legitimate private lender.

32.

Warner and Barrett communicated by phone and email that Realty Capital Investments, LLC, was an appropriate lender for the City Trust Building acquisition loan transaction.

33.

These communications were made during the period of January through March of 2026 in numerous phone calls, emails, and text messages between Warner and the principals of FD Realty.

34.

FD Realty reasonably relied on Warner and Barrett's assertion that the entity they referred for the loan transaction was a legitimate private lender.

35.

FD Realty has learned that Steve Dorian is the principal owner of Realty Capital Investments, LLC, a legitimate Nevada limited liability company, and that he has no affiliation with the entity to which FD Realty wired $271,000.00 in February 2026 at the behest of Warner and Barrett.

36.

Warner and Barrett negligently represented to FD Realty that the loan documents they transmitted were authentic documents issued by the legitimate Realty Capital Investments, LLC.

37.

Warner and Barrett failed to exercise the due diligence and standard of care ordinarily expected of reasonably skilled commercial mortgage brokers entrusted with the responsibilities they undertook in the Agreement.

**Count III**
**Expenses of Litigation**
**O.C.G.A. § 13-6-11**

38.

Plaintiff incorporates by reference the previous paragraphs of this Complaint in the Factual Background section, specifically paragraphs 8 - 24, as if fully restated herein.

39.

The law in the State of Georgia is that a party may recover its expenses of litigation where the opposing party has in bad faith, been stubbornly litigious, and caused the Plaintiff unnecessary trouble and expense in compelling Plaintiff to file a lawsuit to recover its damages.

40.

Plaintiff is entitled to recover its expenses of litigation, including reasonable attorney's fees, for the necessity of having to file this Complaint.

**WHEREFORE**, Plaintiff prays as follows:

a) that a Summons issue as required by law;

b) that the Plaintiff have a trial by jury on all causes of action enumerated in this Complaint;

c) that the Plaintiff recover all its damages, which have been proximately caused due to the actions and omissions of the Defendants, including interest on all liquidated damages;

d) that the Plaintiff be awarded attorney's fees and costs of litigation; and

e) that the Plaintiff be awarded such other and further relief as the Court determines is just and equitable.

This 14th day of October 2026.

Respectfully submitted,
**WAYNE B. KENDALL, P.C.**

*<u>/s/ Wayne B. Kendall</u>*
WAYNE B. KENDALL
Georgia Bar No. 414076
wbkendall2@yahoo.com

*Attorney for Plaintiff*

155 Bradford Square; Suite B
Fayetteville, Georgia 30215
Telephone: (678) 884-6084
Facsimile: (770) 716-2439